UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS WASHAM,<br><br>  Plaintiff<br><br>  v.<br><br>DOCTOR PRINCE, *et al.*,<br><br>  Defendants. | CIVIL ACTION NO. 1:25-CV-01365<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Thomas Washam, a prisoner proceeding *pro se*, has filed a fee-paid complaint under 42 U.S.C. § 1983, alleging that he has received inadequate medical care at SCI-Dallas. (Doc. 1). Pursuant to 28 U.S.C. § 1915A, the Court finds that Washam's complaint fails to state a claim, but will grant him leave to amend the complaint before dismissing this case.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

In his complaint and attached exhibits, Washam alleges as follows: On December 13, 2024, at SCI-Dallas, he attended a medical appointment for a urinary tract infection and "penile inflammation problem," which he had "complained of for a month." In a grievance dated December 23, 2024, Washam contended that he had a urethral stricture requiring treatment by a urologist, but Defendant Dr. Prince[1] "tried to convince me that there was no

---

[1] In a proposed "addendum" to the complaint, Washam alleges that Dr. Prince "is not a certified medical or professional licensed doctor," and Washam "seeks an additional $390,000.00 in damages." *See* (Docs. 10, 11). These filings will be disregarded because "[t]he court is not authorized to permit piecemeal amendment or gradual supplementation of the operative pleading." *Nicholas v. Giola*, No. 1:24-CV-01769, 2025 WL 2211470, at *2 (M.D. Pa. Aug. 4, 2025), and Washam has not sought leave to file a supplemental complaint, *see* Fed. R. Civ. P. 15(d).

treatment for urethra stricture and a specialist wouldn't be capable of aiding me." (Doc. 1-2 at 4, 8). Between December 10 and January 31, Washam visited sick call "over 4 times seeking treatment for the pain that was ongoing." Despite these visits, he alleges that there was a "lack of treatment" for his urinary problem. Washam suffered unspecified "serious complications" from these injuries, causing "impairment of . . . movement[,] and excruciating pain" during urination.

In January or February 2025, Washam "passed out and smacked his skull on the concrete floor of the housing unit," which he attributes to the lack of treatment for his urinary issues. He was taken to the prison infirmary, but not to a hospital, despite unnamed officers "insisting" that he be taken to an emergency room. He alleges that the fall left him in "a constant concussed state of function," with continual dizziness. On June 24, 2025, Washam had an appointment with Dr. Prince to address his complaint of dizziness. Dr. Prince told Washam that any ongoing dizziness was not related to the prior fall, but Washam asserts that this assessment was "not logical."

Washam asserts claims against eight defendants affiliated with SCI-Dallas, and requests injunctive, declaratory, and monetary relief. He requests a preliminary injunction on the basis that SCI-Dallas is a "dangerous environment where people are assaulted and stabbed with knives," that he is vulnerable to attack because of his "dazed state," and that "cell space is an issue" because multiple prisoners are being housed in cells designed for single occupancy.

## II.     28 U.S.C. § 1915A S<span>CREENING</span>

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can

4

only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

### A. SECTION 1983

Washam does not assert a specific legal theory, but asserts that he brings this complaint under 42 U.S.C. § 1983. Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a Section 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence,'" and cannot be premised on the operation of *respondeat superior*. *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207).

By this standard, five of Washam's named defendants (Tammy Gola, S. Mackinowski, Jasen Bohinski, Laurel Harry, and Mark Abel[2]) must be dismissed, because the complaint does not allege their personal involvement beyond general descriptions of their supervisory or administrative roles at the prison. *See* (Doc. 1 at 1-2); *Rode*, 845 F.2d at 1207-08. Defendant Nancy Hogan is alleged to have "rejected" Washam's grievance and thereby "sabotaged the administrative process," but a prisoner has no constitutional right to a grievance procedure (*see Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005)), nor would mishandling of a grievance demonstrate personal involvement in any underlying violation. *See Brooks v. Beard*, 167 Fed. Appx. 923, 925 (3d Cir. 2006). Washam also names Wellpath, the prison medical provider, but the complaint does not state any allegations against Wellpath or identify a corporate policy, custom or practice that would facilitate liability against Wellpath. *See Montanez v. Price*, No. 23-2669, 2025 WL 2846695 (3d Cir. Oct. 8, 2025) (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Thus, the Court's analysis is limited to whether the complaint states a claim against Dr. Prince premised on inadequate medical care for Washam's urinary issues and subsequent injuries.

B.  EIGHTH AMENDMENT

A plaintiff can state a claim under the Eighth Amendment for denial of medical care by alleging (1) a serious medical need; (2) that the defendant was deliberately indifferent to that need; and (3) that the deliberate indifference caused harm to the plaintiff. *See Durham v.*

---

[2] Abel is not included in Washam's list of parties, nor is his role described in the complaint, although his name is included in Washam's requests for relief. In an affidavit accompanying the complaint, Washam asserts that Abel "informed [Washam] that Dallas does not offer specialists for urinary tract infections or x-rays for concussions." (Doc. 2). This general statement does not plausibly suggest that Abel was responsible for decisions in Washam's medical care or that Abel was deliberately indifferent to a serious medical need.

*Kelley*, 82 F.4th 217, 229 (3d Cir. 2023). Courts have found deliberate indifference "in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Washam has not stated a viable Eighth Amendment claim against Dr. Prince, because his complaint indicates disagreement with Dr. Prince's medical judgment, not deliberate indifference. He objects to Dr. Prince's conclusion that a urologist referral was not appropriate, and with Dr. Prince's assessment that his dizziness in June 2025 was not caused by a fall in January or February 2025. Even if Dr. Prince's assessments were wrong, misdiagnosis "at worst, amounts to medical malpractice, which is not actionable under the Eighth Amendment." *Stewart v. Pennsylvania Dep't of Corr.*, 677 F. App'x 816, 820 (3d Cir. 2017). Even accepting the inference that Dr. Prince agreed with Washam's own diagnosis of a urethral stricture, "disagreement between the prisoner and medical personnel over the proper course of treatment" for the urethral stricture would not show deliberate indifference. *See Montanez*, 2025 WL 2846695, at *4 (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)).[3] Although Washam claims he has been "denied . . . medical attention," the complaint indicates that he was repeatedly seen at sick calls and infirmary visits, and while he was not receiving the particular treatment he wanted, he was not refused treatment outright. However, Washam will be permitted to file an amended complaint to clarify these allegations.

---

[3] Similarly, Washam's assertion that his course of treatment is contrary to DOC procedures does not state a constitutional claim. *See, e.g.*, *Washington v. Salamon*, No. 4:21-CV-01746, 2023 WL 8703392, at *5 (M.D. Pa. Dec. 15, 2023) (a violation of prison policy is not itself a constitutional violation).

Washam also lists other allegations about his conditions of confinement at SCI-Dallas, but these are not pled in sufficient detail to state a claim. The Eighth Amendment "prohibits any punishment which violates civilized standards and concepts of humanity and decency," including deprivations of "the minimal civilized measure of life's necessities." *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (quoting *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)). Washam's allegation that "cell space is an issue" does not itself suggest a constitutional violation, even affording the liberal inference that he is being housed with another prisoner in a cell designed for single occupancy. *See Gardner v. Harry*, No. 1:22-CV-1007, 2022 WL 3221225, at *2 (M.D. Pa. Aug. 9, 2022) ("Double celling of inmates is not *per se* unconstitutional, and Gardner does not allege any facts as to how his rights were violated beyond the fact that he was double celled.") (citations omitted). He appears to contend that he is vulnerable to attack because of ongoing symptoms from his fall and because SCI-Dallas is a "dangerous environment," but he does not allege that he has been attacked, describe why he would be targeted by other prisoners, or explain how any defendant has been deliberately indifferent to the alleged risk. A generalized statement that other inmates in a prison are "dangerous" is not sufficient. *See*, *e.g.*, *Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012) ("the risk that an inmate with a history of violence might attack another inmate for an unknown reason" does not support an inference of deliberate indifference). Because the complaint does not state a claim for relief, Washam's related request for preliminary injunctive relief must also be denied. *See Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018).

C. ADDITIONAL MOTIONS

Washam has also filed three separate requests for relief. In the first, he alleges that a mailing from the Clerk was rejected by the prison and that unspecified individuals at the

prison are improperly interfering with his legal mail. (Doc. 14). It is unclear whether the disputed mailing relates to this case, but the Clerk will be directed to provide Washam with a copy of the docket. Any intended legal claims regarding interference with mail must be raised in an amended complaint.

Washam has also filed a motion for appointment of counsel. (Doc. 15). Under the *in forma pauperis* statute, a federal court may request that an attorney represent an indigent person on a *pro bono* basis. *See* 28 U.S.C. § 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). However, Washam has been denied leave to proceed *in forma pauperis*, so he would not be entitled to appointment of counsel. *See Mitchell v. Henry*, 255 Fed. App'x 684, 686 (3d Cir. 2007) (declining to appoint counsel in fee-paid appeal). Nor would appointment of counsel be appropriate in a case where he has not stated a viable claim for relief. *See Montgomery*, 294 F.3d at 499 (as a threshold matter, appointment of counsel is not considered unless the case has arguable merit in fact and law).

Finally, Washam has filed a separate request for an "emergency injunction" (Doc. 16), alleging that unspecified individuals at SCI-Dallas have placed him in the Restricted Housing Unit and "undertaken a campaign of retaliation" against him in response to his lawsuits. As noted above, Washam would not be entitled to preliminary injunctive relief without a viable complaint that states a corresponding legal claim, so this motion will be denied. Washam is further advised that any party seeking preliminary injunctive relief "must establish entitlement to relief by clear evidence." *Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018).

## IV.  CONCLUSION

Because Washam's complaint does not state a claim for relief, but amendment may not be futile, he will be permitted to file an amended complaint. *Grayson*, 293 F.3d at 108. An appropriate Order follows.

Dated: December 15, 2025                                   *s/ Karoline Mehalchick*
                                                                               **KAROLINE MEHALCHICK**
                                                                               **United States District Judge**